FILED

April 16 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 12-0442

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 103N

HOWARD EDWARD MOLINE, a/k/a ED MOLINE
and CYNTHIA M. MOLINE, a/k/a CINDY MOLINE,

        Plaintiffs and Appellants,

    v.

CHRISTAL SAINT-DENIS, DESHAZER REAL
ESTATE, INC., and DOREEN GULLINGSRUD,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
                   In and For the County of Lincoln, Cause No. DV-08-190
                   Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Gary A. Crowe, Attorney at Law, Kalispell, Montana

        For Appellee Christal Saint-Denis:

                Bryce R. Floch, Attorney at Law, Kalispell, Montana

        For Appellees Deshazer Real Estate, Inc. and Doreen Gullingsrud:

                Mark L. Stermitz, Crowley Fleck PLLP, Missoula, Montana

                        Submitted on Briefs:  April 3, 2013
                                 Decided:  April 16, 2013

Filed:

              _____
                             Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Howard Edward and Cynthia M. Moline purchased a house in Troy, Montana, in the spring of 2007. In August 2008, the Molines filed the instant action in the Nineteenth Judicial District Court, Lincoln County, against their realtor (Coldwell Banker Beaglewood Realtors), their real estate agent (Jim Jones), the seller of the house (Christal Saint-Denis), the seller's realtor (Deshazer Real Estate), the seller's real estate agent (Doreen Gullingsrud), the seller's builder (Gene Bushnell), the appraiser (Brad Kelsch), and the appraiser's firm (Howell & Associates).

¶3      The District Court granted summary judgment to Kelsch and to Howell & Associates, and that order has not been appealed. The Molines reached a settlement with defendants Coldwell Banker and Jones, and these defendants were dismissed from the lawsuit. Bushnell also was dismissed from the lawsuit by stipulation of the parties. Finally, the District Court granted summary judgment to the remaining defendants (Saint-Denis, Deshazer Real Estate, and Gullingsrud). The Molines appeal the grant of summary judgment as to these last three parties.

¶4      This case arose out of alleged defects in the roof, water well, and septic system of the house the Molines purchased from Saint-Denis. Prior to the sale, tenants living in the house advised Saint-Denis that the roof leaked. Saint-Denis contracted with Bushnell to remove

2

the cedar shakes and replace the roof with tin. Bushnell was not hired to replace the roof structure itself, and he gave no written warranty for the roof. After Bushnell completed his work, Saint-Denis's tenants did not report any further leaking. The tenants never reported any problems with the well or the septic system.

¶5 In late 2007, following their purchase of the house, the Molines contacted Bushnell and complained that the roof leaked. Bushnell inspected the roof and advised the Molines that the roof was not the problem; rather, the "leaking" was actually condensation forming in the house and running into the ceiling and interior of the house. The Molines did not contract with Bushnell to do any repair or other work on the roof or any other part of the house.

¶6 In granting summary judgment to Saint-Denis, the District Court determined that the Molines had failed to offer any evidence raising a genuine issue of material fact regarding their claims of negligent misrepresentation, constructive fraud, actual fraud, breach of the covenant of good faith and fair dealing, and punitive damages. Saint-Denis never lived at the house. She was unaware of any defects in the roof following Bushnell's replacement of the cedar shakes with metal roofing. She received no complaints from her tenants regarding the roof after Bushnell's repairs. Saint-Denis also was not aware of the alleged problems with the well and the septic system. Her tenants never reported any such problems. Moreover, despite the Molines' contention that a home inspection would have revealed all of the alleged problems, the Molines waived a home inspection. Instead, the Molines themselves inspected the house. In so doing, they had adequate opportunity to make the observations that they now claim establish that the roof leaked. In fact, the Molines contend

that, at the time they viewed the house, there were stains on the ceiling and signs that water was leaking from the roof or gathering under the eaves and leaking into the house. Yet, the Molines purchased the house despite this evidence. Likewise, the Molines were aware of the condition of the well prior to the purchase, as they had the well log which showed a sufficient water flow. They also had a copy of the septic permit, and thus were aware of the age and size of the septic system. The Molines failed to produce any evidence that Saint-Denis had any knowledge of the condition of the well and the septic system, other than that each was adequate.

¶7     As to Deshazer Real Estate and Gullingsrud, the District Court observed that the provisions set forth in Title 37, chapter 51 of the Montana Code Annotated "govern the relationships between brokers or salespersons and buyers or sellers *and are intended to replace the duties of agents as provided elsewhere in state law and replace the common law as applied to these relationships*." Section 37-51-313(1), MCA (emphasis added). The Molines, however, had not alleged any violations of Title 37, chapter 51, MCA. Moreover, even if the Molines had properly pleaded the violation of a duty under § 37-51-313(3), MCA (detailing a seller agent's obligations to the buyer), the District Court observed that neither Deshazer Real Estate nor Gullingsrud had any knowledge (either actual knowledge or imputed knowledge from Saint-Denis) whether the roof leaked, and they in fact believed that the roof was in perfect condition since it recently had been replaced with tin. They also had no knowledge regarding defects in the well or the septic system. Finally, as to the Molines' claims against Deshazer Real Estate under § 30-14-103, MCA (prohibiting unfair or deceptive acts or practices), Admin. R. M. 23.19.101 (listing unlawful acts or practices), and

4

§ 37-51-321, MCA (enumerating the grounds for revoking or suspending a real estate broker's or salesperson's license), the District Court again observed that, given the unrefuted assertion of Saint-Denis that she had no knowledge of the roof leaking or of any problems with the well or the septic system, there was no knowledge of such problems that could be imputed to Gullingsrud and, by extension, to Deshazer Real Estate.

¶8      The Molines contend on appeal that the District Court erred in granting summary judgment to Saint-Denis, Gullingsrud, and Deshazer Real Estate. At the summary judgment stage, a district court does not make findings of fact, weigh the evidence, choose one disputed fact over another, or assess the credibility of witnesses; rather, the court examines the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits to determine whether there is a genuine issue as to any material fact relating to the legal issues raised and, if there is not, whether the moving party is entitled to judgment as a matter of law on the undisputed facts. *Andersen v. Schenk*, 2009 MT 399, ¶ 2, 353 Mont. 424, 220 P.3d 675. We review a district court's ruling on a motion for summary judgment de novo, applying the same criteria of M. R. Civ. P. 56 as did the district court. *Lucas v. Stevenson*, 2013 MT 15, ¶ 12, 368 Mont. 269, 294 P.3d 377. Having reviewed the record and the parties' briefs on appeal, we agree with the District Court that the Molines have failed to demonstrate a genuine issue of material fact with respect to their claims against Saint-Denis, Gullingsrud, and Deshazer Real Estate, and that these defendants are entitled to judgment as a matter of law.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court correctly applied the rules for evaluating a motion for summary judgment.

¶10 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE